Battle, J.
 

 The fair construction of the will of the feme plaintiff’s first husband, taking into consideration the condition of his family and estate is,, that the testator gave her the whole produce of the estate, during widowhood, for the maintenance and support of herself and children. The latter, in-déed, are not expressly named, in the will, nor is there .any express gift to her. Taken literally, she is merely constituted overseer, or manager of the property,, whilst she remains a widow, but upon her second marriage it is directed to be equally divided, without saying, between whom. It is necessary, therefore, to supply, by construction, what was obviously the intention of the testator,, that the property was given to the widow, and as long, as she should, remain- a widow, for the use of herself and her children. When she should become the wife of another man, then, it was to be divided between her and her children. Such seems to have been her understanding of the meaning of the will, and we agree, that in those particulars, she put the proper construction upon it. It is most unfortunate for her that she was not right in another matter — that she fell into the error of supposing that she could exceed the income of the estate, and charge the excess-upon the children’s interest therein. In this respect, we think, that she cannot be regarded in a more favorable light than if she had been expressly constituted guardian or trustee for the children. As such, this Court would not have sanctioned expenditures beyond the income of her wards, or
 
 cestui que
 
 trusts, except in a case of more pressing necessity than is shown by tire pleadings and proofs in this case. In
 
 Long
 
 v.
 
 Norcom,
 
 2 Ire. Eq. Rep. 352, it was held that in an ordinary case, the Court would not relieve a guardian, who, without its previous sanction, had made expenditures for maintenance
 
 *293
 
 and education of his ward beyond the income of his estate, though he might have acted from the best of motives. But the Court will reimburse the guardian out of the' estate of his ward, when the expenditures were demanded by such circumstances, amounting indeed to physical necessity,, as would have compelled any court to authorise them without a moment’s hesitation. The cases of
 
 physical
 
 necessity, alluded to,, were those of minors, who could not be entitled to maintenance as paupers, who could not be maintained from the profits, of their property, and who, from, mental imbecility, or want of bodily health,, could not be put out as apprentices, to be¡ maintained by their masters. There is no pretence that the children, in the present case, come within the principles of this exception to the general rule. See also,
 
 Patton
 
 v.
 
 Thompson,
 
 2 Jones’ Eq. 411. In
 
 Downey
 
 v. Bulloch, 7 Ire. Eq. 102, it was decided that under some circumstances, a trustee, although restricted to the expenditures of the profits of the trust property, may be at liberty to anticipate, by spending,, under emergency, more than the profits of the current year ; as if there be a dearth and a consequent failure of the crops, or some extraordinary sickness, making it necessary to incur heavy medical bills; but in such case, the existence of this, emergency must be averred and proved, and a full account rendered. We do not find any such averment and proof in the present case. On the contrary, the plaintiffs state that there was a regular excess of expenditxrre over income, arising from the inadequacy of the latter to. support herself and her children. In such a condition of things, she ought either to have applied to the court of equity for an order allowing her to sell a part of the property for the support and education of her children, or, if that could nut be obtained, then to have applied to the county court to have them bound out as apprentices,, under the provisions of the Eevised Statutes,, ch. 5, sec. 1, Bev. Code, ch. 5, sec. 1.)
 

 The principles which we thus find to be established as a part of the law of the State, we feel bound to-- apply to the-present case. The plaintiffs are entitled to an account so far
 
 *294
 
 as may be necessary to a division of the property according to the terms of the Mali; bnt not to any account for the
 
 expenditures
 
 of the feme plaintiff, before her second marriage, for, and on account of, her children, so far as such expenditures may exceed the income of the property.
 

 Per OubiáM, Decree accordingly.